# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

UNITED STATES OF AMERICA

V.

ROBERT STEPHENSON

FILED
MAR 0 4 2004
Mar 4, 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

MAGISTRATE JUDGE MASON

**CRIMINAL COMPLAINT**

CASE NUMBER: **04CR0243**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 2, 2001, in Cook County, in the Northern District of Illinois defendant did,

knowingly and intentionally distribute a controlled substance, namely, in excess of 50 grams of a mixture and substance containing cocaine base, commonly known as "crack" cocaine, a Schedule II Narcotic Drug Controlled Substance,

in violation of Title 21 United States Code, Section(s) 841(a)(1).

I further state that I am a(n) Special Agent, DEA and that this complaint is based on the following facts:
Official Title

See attached Affidavit

DOCKETED
MAR 0 4 2004

Continued on the attached sheet and made a part hereof: _x_ Yes ___ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

March 4, 2004                     Chicago, Illinois
Date                              City and State

Michael T. Mason, U.S. Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

1

State of Illinois    )
                     ) SS
County of Cook       )

## AFFIDAVIT

I, BRIAN SCHROEDER, United States Drug Enforcement Administration ("DEA"), being duly sworn, depose and say the following:

1. I am a DEA Special Agent, and have been so employed by the DEA for approximately 9 months. Prior to this assignment, I worked for the U.S. Army Military Police for four and a half years. As part of my regular duties, I investigate offenses relating to the possession and distribution of controlled substances. Through my training and experience, I know that it is a violation of Title 21 U.S.C. 841 (a)(1) for any person to distribute cocaine base, commonly known as "crack," cocaine.

2. This Affidavit is based upon my personal knowledge and observations, information conveyed to me by other law enforcement officers and agents, conversations with a confidential source (hereinafter "CS") and on my review of documents and records resulting from an investigation of trafficking in controlled substances by DEA and the Evanston Police Department. The information contained in this Affidavit is for the limited purpose of establishing probable cause and does not represent everything that I know about the individuals and events described herein.

3. On August 2, 2001, at approximately 2:30 p.m., CS was searched for the presence of drugs, money, and other contraband which proved negative. CS was then provided with $1,550 in cash from the agents.

4. On August 2, 2001, at approximately 2:50 p.m., CS contacted ROBERT STEPHENSON via telephone. This call was recorded. CS and ROBERT STEPHENSON agreed to meet at approximately 3:00 p.m., at which time CS would purchase approximately 2 ounces of "crack" cocaine from ROBERT STEPHENSON.

5. At approximately 3:15 p.m., CS met with ROBERT STEPHENSON in front of 1001 Davis, Street, Evanston, Illinois. At that location, CS entered a vehicle driven by ROBERT STEPHENSON. Once inside of the vehicle, CS gave ROBERT STEPHENSON the cash provided by the agents, and in return, ROBERT STEPHENSON gave CS a plastic bag with "crack" cocaine inside. Agents and officers observed and video recorded all of these events. Agents then met with CS, who gave the agents the "crack" that ROBERT STEPHENSON sold to CS. Again, CS was searched for any other drugs, money or other contraband. Those searches were negative as well.

6. The suspected "crack" sold by ROBERT STEPHENSON to CS was examined and tested at the DEA North Central Laboratory. The analysis at the Laboratory confirmed the substance sold by ROBERT STEPHENSON to CS was in fact "crack" cocaine in the amount of 57.7 grams.

7. Affiant knows that Evanston, Illinois, is within the geographic limits of the federal judicial district known as the Northern District of Illinois.

8. Based upon the above information, I believe ROBERT STEPHENSON'S actions were in violation of Title 21 U.S.C., Section 841 (a)(1), distribution in excess of 50 grams of cocaine base, commonly known as "crack" cocaine.

FURTHER AFFIANT SAYETH NOT.

_____
Brian Schroeder, Special Agent
Drug Enforcement Administration


Subscribed and sworn to before me this
____ day of March, 2004

_____
Michael T. Mason
United States Magistrate Judge